UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT TREVINO,

Petitioner,

v. Case No: 2:14-cv-30-FtM-36MRM

UNITED STATES OF AMERICA,

Respondent.
_____________________________________/

**OPINION AND ORDER**

This cause is before the Court pursuant to Petitioner Robert Trevino's ("Petitioner's") 28 U.S.C. § 2255 motion to vacate, set aside, or correct a sentence (Doc. 1, filed January 21, 2014). Petitioner also filed a memorandum and numerous exhibits in support of his petition (Doc. 2). In response to this Court's order to show cause (Doc. 9), the Government filed a response (Doc. 10). Petitioner filed a reply (Doc. 14).

Petitioner asserts that: (1) trial counsel's ineffective assistance rendered his guilty plea involuntary; (2) trial counsel was ineffective for failing to submit written objections to the presentence report at his sentencing hearing; and (3) the trial court erred by relying on incorrect information to support a four level enhancement to his guidelines sentencing range (Doc. 2 at 7-25). Upon review of the pleadings and record, the Court concludes that Petitioner's § 2255 motion must be denied. Because each of the claims raised in the petition was waived by the plea agreement or is affirmatively contradicted in the record, an evidentiary hearing is not required. *See Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) ("A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record.").

## I. Background and Procedural History

On May 25, 2011, Petitioner was indicted for conspiracy to possess with intent to distribute and to distribute, fifty or more grams of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vii) and with three substantive distribution counts in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vii) and 18 U.S.C. § 2 (Cr. Doc. 15). Pursuant to a written plea agreement, Petitioner pleaded guilty to the conspiracy count, and the other charges against him were dismissed (Cr. Doc. 64; Cr. Doc. 67; Doc. 10-1).[1]

At his sentencing hearing (Cr. Doc. 84), Petitioner made no objections to the factual allegations in his presentence investigation report ("PSR"). *Id.* at 3. The Court adopted the undisputed factual statements and guideline applications as contained in the PSR. *Id.* at 10. It was determined that Petitioner scored a total offense level of 31 and a criminal history category of IV under the sentencing guidelines. *Id.* at 8. He was sentenced to 151 months in prison which was the bottom of the guidelines range of 151-188 months. *Id.* at 10.

Petitioner filed a direct appeal challenging the district court's leadership-role enhancement and raising claims of ineffective assistance of counsel (Cr. Doc. 76; Cr. Doc. 90). On December 7, 2012, the Eleventh Circuit dismissed the appeal because the appeal waiver in his plea agreement barred his challenge to the district court's leadership-role sentence enhancement and because any claim of ineffective assistance of counsel must be raised in a 28 U.S.C. § 2255 proceeding (Cr. Doc. 90); *United States v. Trevino*, 500 F. App'x 872 (11th Cir. 2012).

---

[1] The Court will make references to the dockets in the instant action and in the related criminal case throughout this Opinion and Order. The Court will refer to the docket of the civil habeas case as "Doc." and will refer to the docket of the underlying criminal case (MDFL Case No. 2:11-cr-52-FtM-36DNF) as "Cr. Doc."

Petitioner filed the instant § 2255 petition on January 21, 2014 (Doc. 1).

## II. Legal Standards

### A. Standard of Review

Title 28 U.S.C. § 2255 provides federal prisoners with an avenue for relief under limited circumstances:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (2015). If a court finds a claim under § 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.* at § 2255(b). To obtain this relief on collateral review, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *See United States v. Frady*, 456 U.S. 152, 166 (1982) (rejecting the plain error standard as not sufficiently deferential to a final judgment).

Under § 2255(b), unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court shall "grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." The Eleventh Circuit Court of Appeals has explained, "[a] habeas corpus petitioner is entitled to an evidentiary hearing on his claim 'if he alleges facts which, if proven, would entitle him to relief.'" *Smith v. Singletary*, 170 F.3d 1051, 1053 (11th Cir. 1999) (quoting *Futch v. Dugger*, 874 F.2d 1483, 1485 (11th Cir. 1989)). However, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *see also Aron v. United States*, 291 F.3d 708, 715

(11th Cir. 2002) (explaining that no evidentiary hearing is needed when a petitioner's claims are affirmatively contradicted by the record or patently frivolous).

**B. Ineffective Assistance of Counsel**

To prevail on a claim of ineffective assistance of counsel, Petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness"; and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). These two elements are commonly referred to as the performance and prejudice prongs. *Reece v. United States*, 119 F.3d 1462, 1464 n.4 (11th Cir. 1997). If a petitioner fails to establish either prong, the Court need not consider the other prong in finding that there was no ineffective assistance of counsel. *Strickland*, 466 U.S. at 697.

A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 at 689–90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals:

> [The test for ineffective assistance of counsel] has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. Strickland encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220–21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

The *Strickland* standard for evaluating claims of ineffective assistance of counsel was held applicable to guilty pleas in *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). It falls upon a petitioner alleging ineffective assistance in this context to establish that counsel's performance was deficient and that counsel's deficient performance "affected the outcome of the plea process." *Id.* at 59. To establish prejudice under the *Hill* test, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would ... have pleaded [not] guilty and would ... have insisted on going to trial." *Id*. A mere allegation by a defendant that he would have insisted on going to trial but for counsel's errors, although required, is insufficient to establish prejudice; rather, the court will look to the factual circumstances surrounding the plea to determine whether the defendant would have proceeded to trial. *See Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001); *United States v. Arvanitis*, 902 F.2d 489, 494 (7th Cir. 1990).

## III. <u>Analysis</u>

### A. Claim One

Petitioner asserts that his guilty plea was involuntary and unknowing because trial counsel failed to "adequately investigate the facts and laws pertaining to his case, in order to help him make an informed decision whether to plead guilty or go to trial. Also, his counsel misrepresented facts that induced him to plead guilty." (Doc. 2 at 8). This claim appears to rest upon Petitioner's insistence that the government did not have sufficient evidence to convict him of conspiracy because he merely had a buyer/seller relationship with his supplier; he never organized or

supervised anyone within the conspiracy; and he was addicted to methamphetamines and only sold drugs to support his addition.[2] *Id.* at 9. Petitioner argues:

> [H]ad Mr. Ostrander conducted an adequate investigation into these facts and laws pertaining to the instant case, would have alerted him to the fact that his client was not guilty of a conspiracy to distribute and to distribute 50 grams or more of methamphetamine, nor was he a leader, organizer, or manager within the conspiracy, as was alleged.

(Doc. 2 at 12). Petitioner asserts that, because of counsel's ineffectiveness, the Court should vacate his sentence and resentence him without a four level enhancement for his leadership role (Doc. 2 at 14). Any claim that Petitioner's guilty plea was unknowing and involuntary is not supported by the record.

Petitioner signed a written plea agreement stating that he was pleading guilty to count one of the indictment because he was, in fact, guilty (Doc. 64 at 14). He initialed each page of the agreement which outlined the details surrounding Petitioner's and his stepson's sale of methamphetamines to a confidential source and undercover agent on three separate occasions. *Id.* at 14-20. At the plea colloquy, Petitioner stated under oath that he read and understood the plea agreement before he signed it; admitted selling drugs to a confidential informant on two or three occasions; and admitted to meeting with a co-conspirator named Pato to discuss possible future deals and money Petitioner owed Pato (Cr. Doc. 84 at 6-7, 16, 18). The Court inquired:

> COURT: All right. Now, were there other people that you sold the methamphetamine to besides the CI?
>
> PETITIONER: Yes, sir.
>
> COURT: It says that the amount of methamphetamine involved in this period of time was 50 grams or more. Do you believe that to be true?

[2] At his plea colloquy, Petitioner denied under oath ever having been addicted to drugs (Cr. Doc. 84 at 3-4).

PETITIONER: Yes, sir.

COURT: I've read the Government's facts contained in the plea agreement. I find that they establish a sufficient independent basis for the acceptance of a plea of guilty.

Having heard this explanation of the effect of a plea of guilty and its effect on your rights. Do you still desire to plead guilty as to Count 1 of the indictment?

PETITIONER: Yes, sir.

COURT: Is there anything that you want to tell me or ask me or your attorney that bears on your decision to plead guilty that's not already covered in this proceeding?

PETITIONER: No, sir.

COURT: How do you plead?

PETITIONER: Guilty.

COURT: Are you freely and voluntarily entering a plea of guilty to Count 1 of the indictment?

PETITIONER: Yes, sir.

(Cr. Doc. 84 at 18-19). The Court found that Petitioner's plea was made freely and voluntarily and was not the result of any force, threats, or promises other than those promises contained in the plea agreement. *Id.* at 20.

To the extent Petitioner now asks this Court to reject the facts set forth in his signed plea agreement and to ignore his sworn testimony at the plea colloquy in favor of his new-found claim of innocence, "[s]olemn declarations in open court carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977): *United States v. Stitzer*, 785 F.2d 1506, 1514 n. 4 (11th Cir. 1986) ("[I]f the Rule 11 plea taking procedure is careful and detailed, the defendant will not later be heard to contend that he swore falsely."). Given Petitioner's sworn testimony that he was in fact guilty of conspiring with his stepson and Pato to distribute methamphetamine, counsel was not ineffective

for failing to further investigate the facts surrounding the charged crimes. *See United States v. Saac*, 632 F.3d 1203, 1209 (11th Cir. 2011) (a guilty plea serves as an admission of all the elements of a formal criminal charge). Moreover, Petitioner does not assert that he would not have pleaded guilty and would have insisted on going to trial on all four charges in the indictment had counsel properly investigated his case. Accordingly, in addition to failing on the performance prong, Petitioner has not alleged or demonstrated prejudice under *Hill*, and Claim One fails to satisfy either *Strickland* ineffectiveness prong.

Finally, Petitioner asks that the Court maintain his guilty plea, vacate his <u>sentence</u>, and resentence him without a four-level enhancement. Petitioner expressly waived his right to appeal his sentence “or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range” unless the sentence exceeds the statutory maximum, which Petitioner's does not (Cr. Doc. 64 at 12). The waiver was explained to Petitioner at the plea colloquy, and Petitioner told the Court that he understood it (Cr. Doc. 84 at 11). If the claim underlying an ineffective assistance of counsel claim is waived by a defendant's plea agreement, then the ineffective assistance of counsel claim is also waived. *See United States v. Djelevic*, 161 F.3d 104, 107 (2d Cir. 1998) (finding that although “dress[ed] up” as a Sixth Amendment claim, defendant actually challenges his sentence under the guidelines and, therefore, is barred by the plain language of the his plea agreement; to allow his claim would be to “render[] meaningless” such plea agreement waivers); *see also* discussion *infra* Claim Two. In addition to failing on the merits, Petitioner waived the sentencing issue raised in Claim One.

**B. Claim Two**

Petitioner asserts that counsel was ineffective for failing to submit written objections to the PSR and for failing to contest a four-level enhancement for leadership at sentencing (Doc. 2 at

15).[3] Specifically, he argues that there was not sufficient evidence to support the enhancement and that he did not meet co-conspirator Pato until 2007 which would have nullified the points given for a 1996 domestic battery conviction. *Id.* at 17-23.[4]

These issues were raised at the sentencing hearing:

COURT: Do you have any objections as to the facts contained in the report?

PETITIONER: No, ma'am.

COURT: And do you wish to make any objections to the probation officer's application of the guidelines?

PETITIONER: My lawyer is going to take care of that, I guess.

---

[3] Paragraph 47 of the PSR added four points for Petitioner's role as an organizer or leader:

> Adjustment for Role in the Offense: Pursuant to USSG § 3B1.1(a), if the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase the offense level by four. The facts of this case indicate that the defendant's involvement in the conspiracy was extensive, and that the conspiracy spanned from 2005 until the defendant's arrest in 2010, and involved Methamphetamine supplied from Mexico and Atlanta, Georgia. The defendant organized a Methamphetamine operation by maintaining control of five or six storage facilities that were used as drug distribution points, as well as for securing cash, over a period of five years, and in order to avoid detection by law enforcement. The defendant also directed the criminal activities of Anthony Merchant and Barbara Trevino. Accordingly, four points are added.

(Doc. 10 at Ex. B).

[4] In support of this claim, Petitioner asserts that many of the factual assertions in the PSR and in his signed plea agreement are false. He provides a new, more favorable, version of the facts surrounding his crimes in a signed "declarant" attached to his petition (Doc. 2-2). However, when specifically asked by the sentencing court whether he had "any objections as to the facts contained in the report," Petitioner said that he did not (Cr. Doc. 84 at 3). Petitioner is foreclosed from now arguing that the facts contained in the PSR were incorrect. *See Simmons v. United States*, 777 F. 2d 660 (11th Cir. 1985) (failure to raise objections as to PSI's inaccuracy at sentencing hearing bars raising such objections in a § 2255 petition); *United States v. McCray*, 567 F. App'x 859, 860 (11th Cir. 2014) ("[A] defendant cannot challenge the accuracy of his presentencing report for the first time in a collateral attack."); *Smith v. United States*, 876 F.2d 655, 657 (8th Cir. 1989) (failure to raise challenges to presentence investigation report at sentencing precludes raising them in a § 2255 motion).

COURT: Okay, Mr. Ostrander, have you had an opportunity to review the presentence report?

COUNSEL: Yes, Your Honor, I have.

COURT: And do you have any objections as to the facts contained in the report?

COUNSEL: Your Honor, in due, course, normally, I would file written objections where I deemed appropriate to the written report. In the case, in this particular case, my client had a couple of objections he wished me to raise which I discussed with him and I would just make a record as to why I did not object.

First of all, and I brought this to the attention of the Probation Office earlier. In Paragraph 47 , there's a reference to a four level increase for manager, organizer, and under the circumstances of this case, despite the fact that my client didn't believe that he was organizing or managing anyone, the discovery that had been provided to me supports the Government's position.

The second position that's taken by Probation was that in the event there was not sufficient information to support it, that it was a particularly complex or lengthy conspiracy. Count 1 suggests that the conspiracy began in 2005. So as a result of that, even though it was an intermittent conspiracy, as far as what my client has told me, I still think that the law supports the position that the Government is taking and though my client believes in that position and wishes to object to it, that I could not find any legal position to support that position.

The second objection I would have raised is in Paragraph 56 regarding a domestic battery that occurred in '96. He pointed out to me accurately that it's 15 years old from today's date, but due to the fact that the conspiracy began in 2005, that it would take it out of the 15 year exemption, and so as much as I would like to argue for those positions because they do save him a lot of points and a lot of time, I don't believe there's a legal position that supports that and so I have not filed a written legal position, but I wanted it to be on the record in the event that he could do something appropriate with it later and to – so that he would understand. I have discussed with him before, but I think it's kind of difficult when a client's told that he's not being charged with a bunch of crimes but the results of the crimes still end up

hitting him because of the conspiracy. But other than that, there's no objections, Your Honor.

(Cr. Doc. 84 at 3-5). The Court did not ignore Petitioner's concerns with Paragraph 47 of the PSR or with the domestic battery charge. To the contrary, the Court required the government to address both objections.

COURT: Mr. Barclift, why don't you respond then, for the record as to the defendant's concern with regard to 47, Paragraph 47, which is the adjustment for role in the offense.

BARCIFT: Your Honor, we have historical information that is corroborated by the undercover buys in this case. The undercover buys were included in the plea agreement, and I went back to see that we didn't include any of the historical information but it was included in the discovery that was provided to Mr. Ostrander. But we have statements from at least three other conspirators about this activity taking place over an extended period of time. The organization did involve at least five people. I don't know – including Mr. Trevino. I think I can say safely that he particularly managed at least three of them. One was actually probably equal with him or perhaps above him in the hierarchy. But I think it's an organization involving five or more persons. I don't know that he actually has to manage five to be on the hook for the four level increase. But in any event, the activity crossed state lines, even crossed international lines, occurred over a significant period of time. So I think the probation office has got it correctly scored.

COURT: All right. Do you understand that, Mr. Trevino? Basically you've heard from your attorney, you've heard from the Government's attorney, and in looking back through the summary of the offensive conduct that's contained in the presentence report beginning with Paragraphs 7 through 35, where the report discusses things that occurred during that five year period, including information from sources of information as well as another source, and of course, the previous – the previous conviction and sentence of Anthony Merchant, the Court would agree that indeed Probation was correct in scoring the additional points for Paragraph 47, the adjustment for role in the offense.

(Cr. Doc. 84 at 6-7). The Court also asked the government to respond to Petitioner's concerns regarding the 1996 domestic battery charge (Cr. Doc. 84 at 7). The government noted that the battery had occurred within ten years of the commencement of the alleged conspiracy, so was properly counted. *Id.* at 7-8. The Court explained to Petitioner:

> And that's the reason it's counted, which is why your attorney didn't file a written objection because he was aware that if you look at the commencement date of the offense, the battery falls within that appropriate time period for counting it.
>
> All right, there being no objections to the facts contained in the presentence report other than the information that's been provided for the record, and I think we've clarified the concerns that the defendant had with regard to two paragraphs of the presentence report, the Court adopts the factual findings as – factual statements as its findings of fact[.]

*Id.* at 8.

Given that the Court addressed both of Petitioner's objections, he cannot demonstrate *Strickland* prejudice from counsel's failure to file written objections to the upward adjustments for Petitioner's role in the conspiracy and his 1997 domestic battery conviction. Moreover, based upon the facts set forth in the PSR, reasonable counsel could conclude that Petitioner had been involved in a long-term conspiracy to sell drugs in Zephyrhills, Marion County, and South Florida that dated back to 2005 (Doc. 10-1 at Ex. B, ¶¶ 31, 33). Section 3B1.1(a) of the United States Sentencing Guidelines provides for a four level enhancement "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive[.]" The PSR noted that the instant conspiracy lasted at least five years; the enterprise involved the shipment of drugs from Atlanta and Mexico; Petitioner maintained control of four to six storage facilities that were used as drug distribution points; Petitioner was dealing with at least a half-pound of methamphetamine daily; Petitioner was in control of very large quantities of cash; and Petitioner directed the activities of several other people (Doc. 10-1 at Ex. B at 5-10). Based upon the facts set forth in the PSR, Petitioner has not shown that no reasonable counsel could have

determined that a written objection to the enhancement was unwarranted. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (recognizing that a court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," applying a "highly deferential" level of scrutiny.") (quoting *Strickland*, 466 U.S. at 690).[5]

Finally, in *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005), the Eleventh Circuit Court of Appeals held that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing." As noted by the *Williams* court, a decision otherwise would render the waiver meaningless. *Williams*, 396 F.3d at 1342. To the extent Petitioner now urges that his sentence was unfairly enhanced because the government used his criminal history to calculate his sentencing range, he is attempting to do what *Williams* forbids him from doing. *See also* discussion *supra* Claim One. In addition to failing on the merits, Petitioner waived the sentencing issue raised in Claim Two.

**C. Claim Three**

Petitioner asserts that the district court violated his "due process rights by relying on materially incorrect information that lacked extrinsic corroborating evidence to support its four level upward departure." (Doc. 2 at 24). Specifically, Petitioner now disavows most of the factual

[5] Equally unavailing is Petitioner's argument, raised for the first time in his reply, that his Sixth Amendment Confrontation Clause rights were violated by the Court's reliance on the PSR (Doc. 14) (citing *Crawford v. Washington*, 541 U.S. 36 (2004)). The Eleventh Circuit has determined that the right to confrontation is not a sentencing right. *United States v. Cantellano*, 430 F.3d 1142, 1146 (11th Cir. 2005) ("*Crawford* dealt with trial rights and we see no reason to extend *Crawford* to sentencing proceedings.").

statements made in the plea agreement and in the presentence report and offers different facts that would lead to a more favorable sentencing determination.

As explained previously, because he did not object to the PSR facts at the sentencing hearing, Petitioner is foreclosed from now arguing that the facts contained in the report were incorrect. *See* discussion *supra* note 4. Moreover, Petitioner's sentence-appeal waiver expressly waived any type of collateral attack on his sentence. Therefore, because of the waiver, the Court cannot consider Petitioner's argument that he was sentenced on the basis of materially false information. As the Eleventh Circuit has stated, a valid sentence-appeal waiver includes "a waiver of the right to appeal difficult or debatable legal issues - indeed, it includes a waiver of the right to appeal blatant error." *United States v. Rubbo*, 396 F.3d 1330, 1331 (11th Cir. 2005) (citing *United States v. Howle*, 166 F.3d 1166, 1169 (11th Cir. 1999)); *United States v. Porter*, 591 F. App'x 724, 726 (11th Cir. 2014) ("[B]cause Porter knowingly and voluntarily entered into his sentence-appeal waiver, and that sentence-appeal waiver bars his [sentencing] claim, we must dismiss his appeal of his sentence."). Petitioner raised this issue on direct appeal where it has already been rejected by the Eleventh Circuit due to the waiver. *Trevino*, 500 F. App'x at 873 ("the appeal waiver bars Mr. Trevino's argument concerning the district court's leadership-role sentence enhancement[.]"). Claim Three is dismissed.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV. Certificate of Appealability

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) or, that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003) (citation omitted). Petitioner has not made the requisite showing in these circumstances.

Because Petitioner is not entitled to a certificate of appealability, he is not entitled to proceed *in forma pauperis* on appeal.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. Petitioner's motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**.

2. Petitioner is **DENIED** a Certificate of Appealability

3. The **Clerk of the Court** is directed to terminate any pending motions, enter judgment accordingly, and close this case.

4. The **Clerk of the Court** is also directed to file a copy of this Order in criminal case number 2:11-cr-52-FtM-36DNF and to terminate the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Cr. Doc. 98) pending in that case.

**DONE** and **ORDERED** in Tampa, Florida on November 3, 2015.

Charlene Edwards Honeywell
Charlene Edwards Honeywell
United States District Judge

SA: OrlP-4 11/3/15
Copies: Robert Trevino
Counsel of Record